**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

HECTOR BLAS,
Petitioner,

v. Case No. 3:26-cv-705 (OAW)

CARYN FLOWERS,
Respondent.

**ORDER OF DISMISSAL**

Petitioner Hector Blas, currently incarcerated at FCI Danbury,[1] has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* ECF No. 1. Respondent opposes the habeas petition. ECF No. 10. For the reasons set forth below, the habeas petition is **DISMISSED** for lack of jurisdiction.

## I. BACKGROUND

On September 17, 2010, in the United States District Court for the Southern District of Florida, Petitioner was convicted of Attempted Possession of Heroin and Cocaine with the Intent to Distribute in violation of 18 U.S.C. § 846. *See United States v. Blas*, Case No. 1:10-cr-20193-CMA-2 (S.D. Fla. Sept. 17, 2010), ECF No. 184 at 1 (Judgment).[2]

---

[1] *See* Federal Bureau of Prisons ("BOP"), *Inmate Locator*, available at: https://www.bop.gov/inmateloc (Reg. No. 82993-004) (last visited October 28, 2026). The court may take judicial notice of content on BOP's website. *See United States v. Rivera*, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate locator information).

[2] The court may also take judicial notice of documents in Petitioner's criminal cases. *See Castro v. Flowers*, 2026 WL 1601850, at *1 n.3 (D. Conn. June 4, 2026) (taking judicial notice of documents in habeas petitioner's federal criminal case).

He was sentenced to 240 months (twenty years) in prison, *id.* at 2, and while serving that sentence at FCI Gilmer (which is in Glenville, West Virginia),[3] the government charged him with Possession of a Prohibited Object in the Northern District of West Virginia, *see United States v. Blas*, 1:12-cr-109-TSK-MJA (N.D. W. Va. Oct. 3, 2012), at ECF No. 3 (Information). Petitioner pleaded guilty to the charged offense. *See Blas*, 1:12-cr-109 (N.D. W. Va. Oct. 23, 2012), ECF No. 9 at 1 (plea agreement). The next day, he was sentenced to one year in prison, consecutive to the twenty-year sentence imposed in the Southern District of Florida. *Id.*, ECF No. 13 at 2 (Judgment) (N.D. W. Va. Oct. 23, 2012).

Petitioner is now imprisoned at FCI Danbury, in Connecticut. *See supra* note 1. From there, he has filed a petition for writ of habeas corpus under 28 U.S.C. §2241(c)(3) alleging that his guilty plea in the Northern District of West Virginia case was involuntary due to ineffective assistance of criminal defense counsel. *See* ECF No. 1 at 2–3. Petitioner seeks “an order vacating his unconstitutional conviction” in that case. *Id.* at 1.

## II. <u>LEGAL STANDARD</u>

A federal prisoner may petition for habeas relief if he is “in custody in violation of the Constitution or laws or treaties of the United States[.]” 28 U.S.C. § 2241(c)(3). He “bears the burden of proving that he is being held contrary to law,” and because a habeas proceeding is a civil matter, Petitioner bears the “ burden of proof by a preponderance of the evidence.” *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

---

[3] *BOP, FCI Gilmer,* https://www.bop.gov/locations/institutions/gil/index.jsp (last visited October 28, 2026).

## III. DISCUSSION

Respondent argues the court "should dismiss or transfer the Petition because it is an improper collateral attack on Petitioner's conviction and sentence that must proceed under 28 U.S.C. § 2255 in the sentencing court." ECF No. 10 at 1. The court agrees.

Section 2255 provides, in relevant part, "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2241 provides, in relevant part, "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

Although Sections 2255 and 2241 contain "overlap[ping]" language, "the two sections offer relief for different kinds of perceived wrongs." *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004). Section 2255 permits challenges to "the *imposition* of [a] sentence," while Section 2241 permits challenges to "the *execution* of a sentence." *Id.* at 134–35 (emphasis in original). Thus, a prisoner may use section 2241 to seek relief from "the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." *Id.* at 135 (citing *Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir. 2001)). But a prisoner "generally must invoke § 2255 instead of § 2241 to challenge a sentence as violating the U.S. Constitution or laws." *Id.* (citing *Jiminian,* 245 F.3d at 147; *Triestman v. United States,* 124 F.3d 361, 373 (2d Cir. 1997)).

Congress has carved out "a limited exception to this general rule[.]" *Middleton v. Schult*, 299 Fed. Appx 94, 95 (2d Cir. 2008) (summary order). Section 2255 "contains a 'saving clause,' which provides that a person may bring a petition under § 2241 if 'the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention.'" *Walton v. Warden*, No. 21-2062-PR, 2023 WL 5011933, at *1 (2d Cir. Aug. 7, 2023) (summary order) (bracketed material in original) (quoting 28 U.S.C. § 2255(e)).

The Supreme Court of the United States has held that the saving clause may be invoked only in "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court," such as where a sentencing court no longer exists or where "it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." *Jones v. Hendrix*, 599 U.S. 465, 474–75 (2023) (citation modified) (quoting *United States v. Hayman*, 342 U.S. 205, 215 n.3 (1952)).

Here, Petitioner "challenges his guilty plea and conviction," via Section 2241, ECF No. 1 at 2, which is plainly among the types of challenges he instead must bring under Section 2255, *see Franklin v. Hudson*, 579 Fed. Appx 50, 51 (2d Cir. 2014) (summary order) ("A motion pursuant to § 2255 is the proper means to challenge *the imposition of a federal conviction* and sentence, whereas a petition pursuant to § 2241 is the proper means to challenge the execution of a federally-imposed sentence." (emphasis added)). But Petitioner invokes Section 2255(e)'s saving clause, arguing that it "is unavailable, inadequate[,] and ineffective to test the legality of his conviction, since he not yet begun [serving his] consecutive term of imprisonment." ECF No. 1 at 2. The court disagrees.

Although Section 2255 requires a prisoner to be "in custody under sentence of a court established by Act of Congress" to challenge "the sentence [that] was imposed in violation of the Constitution or laws of the United States," 28 U.S.C. § 2255(a), the Supreme Court has held that "a prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of [Section] 2241(c)(3)." *Peyton v. Rowe*, 391 U.S. 54, 67 (1968). The Supreme Court later understood *Peyton* as "constru[ing] the statutory term 'in custody' to require that consecutive sentences be viewed in the aggregate," and "not as discrete segments." *Garlotte v. Fordice*, 515 U.S. 39, 46–47 (1995).

Because Petitioner's consecutive sentences are "viewed in the aggregate," *id.* at 46, he may collaterally attack his Northern District of West Virginia conviction even if he has not begun serving the sentence resulting from that conviction. *See*, *e.g.*, *U.S. ex rel. Meadows v. State of N.Y.*, 426 F.2d 1176, 1179 (2d Cir. 1970) (relying on *Peyton* to conclude that habeas petitioner could challenge conviction even though he was "not presently serving a sentence imposed as a result of that conviction" because "[t]he writ may be employed to contest the validity of future as well as present restraints."). Indeed, it appears that Petitioner has attempted to do just that.

On the same date Petitioner mailed his 2241 petition to the Clerk of Court in this district, he also mailed a 2255 motion to the Clerk in the Northern District of West Virginia. *Compare* ECF No. 1-1 (envelope mailed on May 5, 2026), *with Blas v. USA*, 1:26-cv-51 (N.D. W. Va. May 8, 2026), ECF No. 1-1 (postmarked May 5, 2026). In his 2255 motion, Petitioner raises the same argument he presents here: that his guilty plea was involuntary because of defense counsel's ineffective assistance. *Compare Blas*, 1:26-cv-51, ECF

No. 1 at 2 (2255 motion), *with Blas*, 3:26-cv-705, ECF No. 1 at 2–3. In a report and recommendation filed in both Petitioner's 2026 habeas case and his 2012 criminal case, the magistrate judge recommended that Petitioner's 2255 motion be denied and dismissed because it was filed beyond section 2255's one-year statute of limitations. *See Blas*, 1:26-cv-51, ECF No. 5 at 5 (report and recommendation); *Blas*, 1:12-cr-109, ECF No. 25 at 5 (report and recommendation). Petitioner filed an objection to the magistrate judge's report and recommendation, *Blas*, 1:12-cr-109, ECF No. 26, but the district judge has yet to "accept, reject, or modify" the magistrate judge's recommendation, pursuant to Rule 72(b)(1) of the Federal Rules of Civil Procedure.

The undersigned does not consider whether Petitioner's 2255 motion was timely filed in the Northern District of West Virginia, but even presuming that it was not, that would not fall within the "unusual circumstances" contemplated by Section 2255(e)'s saving clause. *Jones*, 599 U.S. at 474; *see also Adams*, 372 F.3d at 135 (noting that Section "2255 is *not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition" (emphasis in original) (citing *Jiminian,* 245 F.3d at 147–48)); *Pollack v. Hobbs*, 8 Fed. Appx 37, 39 (2d Cir. 2001) (summary order) (concluding that petitioner "failed to demonstrate . . . that § 2255 was an inadequate or ineffective vehicle to test the legality of his conviction" where petitioner "simply failed to apply for relief under § 2255 within the limitations period").

If a habeas petitioner "invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier . . ., then the savings clause of § 2255 is not triggered and

dismissal of the § 2241 petition for lack of jurisdiction is warranted." *Cephas v. Nash*, 328 F.3d 98, 105 (2d Cir. 2003). And because Petitioner has attempted to use Section 2241 to challenge a federal criminal conviction which he could have challenged in an earlier proceeding (and which, indeed, he is challenging now), the court dismisses the instant habeas petition due to a clear lack of jurisdiction. *See id.*

## IV. CONCLUSION

For the reasons stated above, the petition for writ of habeas corpus **(ECF No. 1)** is **DISMISSED.** The Clerk is directed to please close this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 28th day of October, 2026.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE